Foley v Jarit (2019 NY Slip Op 05110)





Foley v Jarit


2019 NY Slip Op 05110


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-11741
 (Index No. 63595/14)

[*1]Anne Marie Foley, appellant,
v
Art P. Jarit, etc., respondent.


Chianese & Reilly Law, P.C. (Profeta & Eisenstein, New York, NY [Fred R. Profeta, Jr.], of counsel), for appellant.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for dental malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), entered October 17, 2016. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for dental malpractice.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for dental malpractice is denied.
The plaintiff allegedly sustained permanent left lingual nerve damage as a result of receiving a mandibular nerve block injection behind her lower left molars from the defendant, a dentist, in preparation for restoration work on two cavities. Subsequently, the plaintiff commenced this action, alleging a cause of action to recover damages for dental malpractice and and a cause of action to recover damages for lack of informed consent.
After issue was joined, the defendant moved for summary judgment dismissing the complaint based upon the deposition testimony of the parties, an expert's affidavit, and certified medical records. In opposition, the plaintiff submitted an expert's affirmation. In the order appealed from, the Supreme Court granted the defendant's motion.
We agree with the plaintiff that the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for dental malpractice. In support of his motion, the defendant submitted, among other things, a transcript of the deposition testimony of each party. The plaintiff testified at her deposition that the defendant informed her verbally that he was administering a mandibular nerve block injection, she felt excruciating pain and instructed the defendant to stop because it hurt, but the defendant continued with the injection. The defendant testified at his deposition that a "shocking type feeling" could signify proximity to the nerve, and contact with the nerve could cause injury. In view of the [*2]foregoing, the defendant failed to sustain his prima facie burden of demonstrating that there were no triable issues of fact as to whether the defendant committed dental malpractice in continuing to administer an injection that may have caused nerve damage. Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for dental malpractice should have been denied, regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; LaVecchia v Bilello, 76 AD3d 548; Koi Hou Chan v Yeung, 66 AD3d 642).
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court